IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES E. MCMANUS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-2244 |
| KAISER FOUNDATION HEALTH, PLAN OF THE MID-ATLANTIC STATES, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Plaintiff Charles E. McManus, III, proceeding *pro se*, asserts claims against the Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Defendant" or "Kaiser"), alleging that Kaiser improperly terminated his health insurance plan. Pending before this Court is the Defendant's Motion to Dismiss ("Motion") (ECF No. 7). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion (ECF No. 7) is GRANTED.

## BACKGROUND

McManus was enrolled in a "Kaiser Permanente Medicare Plus Standard Option with Prescription Part D Coverage" health insurance plan effective January 1, 2012. Compl. ¶ 1, ECF No. 2. He alleges that he elected to pay his premiums via automatic deduction from his Social Security benefit check, but that Kaiser continued to bill him each month. *Id.* ¶ 2. In November and December 2012, McManus alleges that he attempted to pay his bill in cash

at the physical location of two Kaiser medical centers, but that Kaiser refused to accept his payments. *Id.* ¶¶ 4-6. Kaiser terminated his coverage in April 2013 for non-payment of premiums. *Id.* ¶ 7. McManus made a grievance to Kaiser, which Kaiser acknowledged and denied on May 17, 2013. *Id.* ¶¶ 8-10. Then, on August 1, 2013, McManus filed a Complaint in the Circuit Court for Baltimore City, seeking a declaratory judgment that the termination was void and had no effect, as well as damages and costs. Kaiser removed the case to this Court pursuant to 28 U.S.C. § 1441 and moved to dismiss the Complaint on the grounds that this Court lacks jurisdiction over the case because the Plaintiff failed to exhaust administrative remedies, or in the alternative, that the Medicare Act does not provide for judicial review of his claim at all.

STANDARD OF REVIEW

As this Court has previously stated, a motion to dismiss for failure to exhaust administrative remedies is governed by Rule 12(b)(1) of the Federal Rule of Civil Procedure, which requires dismissal when the court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). The plaintiff bears the burden to show that jurisdiction exists. *Id.* Moreover, in general a pleading must provide the defendant and the court with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion made pursuant to Rule 12(b)(6) a complaint must allege sufficient facts to advance a plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a *pro se* plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even *pro se* litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)).

## ANALYSIS

According the Plaintiff the appropriate leeway given his *pro se* status, his Complaint could reasonably be construed to assert either a challenge to an adverse coverage determination or a grievance for a non-coverage-related issue, pursuant to the Medicare Act, 42 U.S.C. § 1395, *et seq*. Compl. ¶ 8 (alleging that he made a "complaint" or "grievance" as defined in Kaiser's guidelines for administrative appeals). An adverse coverage determination is one in which the Medicare beneficiary challenges a Medicare plan's decision to provide or deny insurance coverage. *See* 42 C.F.R. § 423.560. A grievance, on the other hand, is defined as "any complaint or dispute, other than one that involves a coverage determination, expressing dissatisfaction with any aspect of the operations, activities, or behavior of a Part D plan sponsor, regardless of whether remedial action is requested." *Id.*

3

As an initial matter, this Court addresses the Plaintiff's assertion that "[t]his is not a Medicare case; it is a Treasury case." Pl.'s Opp. 1, ECF No. 13 (citing 31 U.S.C. § 5103). On the contrary, the Legal Tender Act, 31 U.S.C. § 5103, has no application to this case. Indeed, nothing in that statute prohibits imposing restrictions on the acceptable form of payment for a debt. *See, e.g.*, *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 458 (6th Cir. 2009) (holding that city ordinance requiring payment for scrap metal by check or money order was not barred by 31 U.S.C. § 5103). The Kaiser insurance plan at issue in this case is explicitly covered by "Medicare . . . Part D," and the Plaintiff refers to the administrative procedures set forth in Title 42 of the Code of Federal Regulations regarding Medicare. Compl. ¶ 1. McManus's claims are "inextricably intertwined" with a claim for Medicare benefits, and the basis for his standing to bring this suit and the substantive basis of his claim is the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 615-16 (1984); *Buckner v. Heckler*, 804 F.2d 258, 259 (4th Cir. 1986). Accordingly, the Medicare Act and its implementing regulations govern this case.

Having established that the Medicare Act applies, to the extent that McManus asserts a challenge to an adverse coverage decision, his claim must be dismissed because he has failed to exhaust all administrative remedies. Before a plaintiff may file a suit in this Court arising under the Medicare Act, the Secretary of Health and Human Services must render a "final decision" on the claim. 42 U.S.C. §§ 405(g)-(h), 1395ii. In *Uhm v. Humana Health Plan*, a case very similar to this one, the plaintiffs had elected to have their premiums deducted from their Social Security checks, but were not timely enrolled in their Part D prescription plans. 620 F.3d 1134, 1138-39 (9th Cir. 2010). The United States Court of Appeals for the

4

Ninth Circuit affirmed the dismissal of the plaintiffs' claims because they had failed to receive a final decision from the Secretary before filing suit. *Id.* at 1143-45. In this case, McManus requests that this Court void the termination of his Part D benefits for nonpayment of premiums despite electing deduction from his Social Security benefits. As in *Uhm*, McManus has failed to obtain a final decision from the Secretary. Thus, he has failed to exhaust his administrative remedies and dismissal of this action is warranted. *Id.* at 1143-45; *see also Gamble v. The Examiner*, No. AW-13-0787, 2013 WL 1832377, at *3 (D. Md. Apr. 30, 2013) (dismissing *pro se* plaintiff's Title VII action for failure to exhaust administrative remedies).

In the alternative, to the extent that his Complaint can be read to challenge a non-coverage issue, his claim must also be dismissed. The Medicare Act prohibits judicial review of internal grievance procedures. 42 C.F.R. § 423.562(b)(1); *Sw. Pharm. Sol'ns, Inc. v. Ctrs. for Medicare & Medicaid Servs.*, 718 F.3d 436, 441 (5th Cir. 2013) ("Claims that are characterized as grievances do not receive either administrative or judicial review."). Here, McManus made a "complaint" or "grievance" pursuant to Kaiser's internal procedures, and following those procedures, Kaiser denied his "complaint" or "grievance." Compl. ¶¶ 8-10. Although McManus is no doubt unsatisfied with the result of that proceeding, he has no recourse in this Court. Therefore, this case must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED without prejudice.

A separate Order follows.

Dated: February 26, 2014 　　　　　　　　　　/s/　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　United States District Judge